IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DYLAN HOVICK,                                                                                                        PLAINTIFF
ADC #172159

v.                                                4:22CV00297-KGB-JTK

JARED BYERS, et al.                                                                  DEFENDANTS

**ORDER**

Dylan Hovick ("Plaintiff") has filed a Motion to Appoint Counsel. (Doc. No. 58). For the reasons set out below, Plaintiff's Motion (Doc. No. 58) is DENIED without prejudice.

While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating the plaintiff's request in Johnson, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23.

In Plaintiff's Motion, he asks that an attorney be appointed because: he is unable to afford counsel; the case is too complex for Plaintiff to proceed on his own because he suffers from a neurological brain injury sustained at birth; plaintiff's knowledge of the law is limited and he has limited access to legal materials; Plaintiff is unable to interview witnesses and obtain certain prison records; and Plaintiff has received no response to letters he has written to numerous attorneys about representing him in this case. (Doc. No. 58).

Considering Plaintiff's reasons for requesting an attorney, along with the <u>Johnson</u> factors, the Court denies Plaintiff's request at this time. This case is not factually or legally complex. Plaintiff submitted a Complaint without the help of an attorney; the Complaint survived screening and Plaintiff's claims were served. (Doc. Nos. 1, 12). Plaintiff is able to present his claims. Plaintiff filed grievances. (Doc. No. 46-3, 46-4). Plaintiff asked for extensions of time. (Doc. Nos. 54, 57). Plaintiff's Motion to Appoint Counsel is concise. (Doc. No. 58). Plaintiff's Complaint, along with his pending Motion to Appoint Counsel, establish that Plaintiff is capable of proceeding without the benefit of appointed counsel at this time. And, as Plaintiff already has been informed, counsel may be appointed if his case proceeds to trial. (Doc. No. 17 at 2).

IT IS SO ORDERED this 21st day of November, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE