**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DYLAN HOVICK,                                                                                         PLAINTIFF
ADC #172159

v.                                              4:22CV00297-KGB-JTK

JARED BYERS, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Dylan Hovick ("Plaintiff") is incarcerated at the Maximum Security Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued multiple ADC officials alleging violations of his constitutional rights. (Doc. No. 2). Plaintiff's claims remain pending.

Defendants Jared Byers, Dexter Payne, Claudia Harris, Everett Litzsey, William Freeman, Sterling Kirk, and Kevin Nunnery (collectively "Defendants") filed a Motion for Summary Judgment on the Issue of Exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 45-47). Plaintiff filed a Response, and he asked for additional time in which to respond; his requests were granted. (Doc. Nos. 48, 54, 55, 57, 60). Defendants' Motion is pending.

Now Plaintiff has filed a Motion to Withdraw Complaint. (Doc. No. 61). Defendants have not responded, and the time for doing so has passed.

In his Motion to Withdraw Complaint, Plaintiff says he cannot advance his claims because he has "no understanding of the law, [] trouble writing, reading, spelling, and comprehending the documents related to [his] claims . . . due to [his] (brain injury) sustained at birth." (Id. at 1). According to Plaintiff, the inmate who was helping Plaintiff with this case has been transferred. (Id.). Plaintiff explains that he will be released from prison within the next 64 days—on February 8, 2023—and will "be able to consult with and obtain the assistance of a lawyer" at that time. (Id. at 2). Having considered Plaintiff's Motion and the lack of a Response from Defendants, I recommend Plaintiff's Motion be granted.

V.   **Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion to Withdraw Complaint (Doc. No. 61) be GRANTED.

2. Plaintiff's claims be dismissed without prejudice.

3. Plaintiff's complaint be dismissed without prejudice.

4. Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. No. 45) be DENIED as moot.

Dated this 27th day of December, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE